IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FORT WORTH AVENUE PLAZA, LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **CIVIL ACTION NO. 3:24-cv-00205** |
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § § § § | |
| *Defendant*. | § § | |

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE U.S. DISTRICT COURT:

Pursuant to 28 U.S.C. § 1441, Atlantic Casualty Insurance Company (Atlantic Casualty), files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully shows the Court as follows:

**I.
STATE COURT PROCEEDING**

1. Atlantic Casualty is a defendant named in a civil action filed by Fort Worth Avenue Plaza, LLC in the District Court of Dallas County, styled and numbered *Fort Worth Avenue Plaza, LLC v. Atlantic Casualty Insurance Company;* Cause No. DC-23-20612; in the 193rd Judicial District Court, Dallas County, Texas (the Lawsuit).

2. The Lawsuit involves an insurance dispute between Plaintiff and Atlantic Casualty regarding first-party coverage for purported damage to Plaintiff's premises located at 3225 Fort Worth Avenue, Dallas, Texas 75211 (the Property). Atlantic Casualty insured Plaintiff under a commercial property insurance policy numbered M360000106-0, effective June 27, 2021 to June

27, 2022 (the Policy). Plaintiff alleges that the Property allegedly sustained storm damage and water intrusion on March 14, 2022.

3. Plaintiff submitted notice of the loss to Atlantic Casualty on January 16, 2023. Upon receiving Plaintiff's notice of loss, Atlantic Casualty investigated the reported damage and retained Cross Claims Service, Inc. (Cross Claims) to conduct an inspection of the Property. Cross Claims inspected the Property on February 6, 2023. Cross Claims' inspection found evidence of hail damage to the roof covering and building leaks, however Cross Claims found that there was no reported hail at the Property on the reported date of loss (March 14, 2022), or during the applicable policy period. Cross Claims noted that the building leaks were related to the age of the roof and poor drainage. Cross Claims could find no storm created opening in the roof covering. Cross Claims opined that the roof could be repaired for any hail damage.

4. As part of its investigation, Atlantic Casualty also retained Envista Forensics (Envista) to have the Property inspected and a report prepared by a licensed professional engineer. Envista's project engineer inspected the Property and prepared a report for Atlantic Casualty that included a site-specific analysis of storm/hail events at the Property. The engineer confirmed the presence of hail damage but determined there were no hail events at the Property during the policy term at issue. Envista's engineer did not find any damage due to wind. The engineer did find evidence of water intrusion at the northeast corner of the building but determined the water intrusion to be long-term and not the result of a recent one-time hail or wind event. No breaches to the roofing material were observed by Envista. The investigation revealed evidence of repairs consistent with mitigation efforts by Plaintiff to address long-term water intrusion.

5. Based on the investigations conducted by Cross Claims and Envista, there was no hail or wind damage at the Property on the purported date of loss, and the proposed damage was

likely the result of an event that occurred prior to the inception of the Policy. As such, Atlantic Casualty declined coverage for Plaintiff's claim.

6. Plaintiff filed its Lawsuit against Atlantic Casualty on December 12, 2023. Plaintiff's Original Petition includes allegations of breach of contract, Texas Insurance Code violations, breach of the duty of good faith and fair dealing, and DTPA violations for Atlantic Casualty's denial of coverage for the claim. Plaintiff seeks over $250,000 but not more than $1,000,000 for its actual damages, consequential damages (related to Plaintiff's inability to make necessary repairs, increased costs of construction and other related consequential damages), and attorney's fees. Plaintiff requested a trial by jury with the filing of its Original Petition in the state court action.

## II.
## PROCEDURAL HISTORY

7. Atlantic Casualty was served with Plaintiff's Original Petition on January 3, 2024. Atlantic Casualty has not yet filed an answer in the state court action. This removal is timely since Atlantic Casualty filed this Notice of Removal within 30 days from the date that it received Plaintiff's initial pleading. 28 U.S.C. § 1446(b).

8. Venue is proper in this district and division because the 193rd Judicial District Court, Dallas County, Texas is located in this district and division. 28 U.S.C. § 1441(a).

9. Atlantic Casualty consents to removal of this case to federal court under 28 U.S.C. § 1446(b).

10. There are no orders signed by the state-court judge. Per 28 U.S.C. § 1446(a) and N.D. Tex. R. 81.1, Atlantic Casualty submits the following documents with this notice of removal:

1) a completed and supplemental civil cover sheet;
2) an index of all documents that clearly identifies each document and indicates the date that the document was filed in state court;

    3) a copy of the docket sheet in the state court action;
    4) each document filed in the state court action, except discovery; and
    5) a separately signed certificate of interested persons that complies with N.D. Tex. R. 3.1(c) or 3.2(e).

11. Atlantic Casualty is filing a copy of this Notice of Removal with the clerk of the 193rd Judicial District Court, Dallas County, Texas, where Plaintiff originally filed this action.

## III.
## DIVERSITY OF JURISDICTION

12. Removal is proper under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446 because Plaintiff's and Atlantic Casualty's citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Hence, this Court possesses subject-matter jurisdiction over this action. 28 U.S.C. § 1332(a).

### A. Plaintiff and Atlantic Casualty have diverse citizenship.

13. Plaintiff is a Texas limited liability company whose citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Texas Secretary of State records show that Plaintiff's sole member is Ali Makhani, who is domiciled in Plano, Collin County, Texas, and therefore a Texas citizen. For diversity purposes, Plaintiff is a citizen of Texas, and not of North Carolina.

14. Atlantic Casualty is a corporation whose citizenship is determined by both its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Atlantic Casualty was incorporated in North Carolina, and it maintains its principal place of business in Goldsboro, North Carolina. For diversity purposes, Atlantic Casualty is a North Carolina citizen.

### B. The amount in controversy exceeds $75,000.00.

15. Plaintiff asserts that it seeks monetary relief of more than $250,000. See Appendix at Ex. B, Pl. Orig. Pet. ¶ 5. Hence, the amount in controversy in this action, exclusive of costs and

interest, exceeds the threshold for diversity jurisdiction and removal. 28 U.S.C. § 1332(a); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## IV.
## CONCLUSION

Atlantic Casualty has satisfied all procedural and statutory requirements to remove the Lawsuit to this federal court, and removal is proper. For these reasons, Atlantic Casualty Insurance Company respectfully requests that this Court remove this action from the 193rd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR,
 KAMINSKI & SHIRLEY, LLP

*/s/ Camille Johnson*
Camille Johnson
State Bar No. 10686600
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com

Jessica Marcoux Hall
State Bar No. 24046348
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
Phone: (512) 347-1604
Fax: (512) 347-1676
jessica@ssjmlaw.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below in compliance with the Federal Rules of Civil Procedure on this 26th day of January, 2024.

| | |
|---|---|
| Vincent P. Circelli | *vcircelli@dcclawfirm.com* |
| Preston J. Dugas III | *pdugas@dcclawfirm.com* |
| DUGAS & CIRCELLI, PLLC | |
| 1701 River Run, Suite 703 | |
| Fort Worth, Texas 76107 | |

**COUNSEL FOR PLAINTIFF**

_____
Camille Johnson